UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ACS RECOVERY SERVICES, INC.,

           Plaintiff,

- against -

DAVID SANDREW,

           Defendant.

------------------------------------------------------------------X

JUDGE BATTS

'08 CIV 4921

Civil Action No. _____

**COMPLAINT**

RECEIVED
MAY 29 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, ACS Recovery Services, Inc. ("ACS"), by its attorneys Pitney LLP, as and for its complaint against the defendant DAVID SANDREW ("defendant"), respectfully alleges:

### NATURE OF THE ACTION

1. This is an action against David Sandrew under §502(a) (3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132(a) (3), to enforce certain recovery and reimbursement rights under the terms of an employee welfare benefit plan governed by ERISA. This action seeks equitable relief in accordance with the U.S. Supreme Court's decision in *Sereboff v. Mid Atlantic Medical Services, Inc.*, 126 S.Ct. 1869 (2006).

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims herein pursuant to ERISA §502(e) (1), 29 U.S.C. §1132(e) (1), pursuant to 28 U.S.C. §1331 (federal question).

71430294.2

such plans and their beneficiaries, in circumstances where the terms of said plans provide for the recovery of such paid benefits.

8. Pursuant to a contractual arrangement with non-party CIGNA HealthCare Company ("CIGNA"), ACS reviews and pursues the enforcement of equitable liens arising as a result of the payment, by CIGNA-insured plans, of medical expenses for illness or injuries sustained by individuals covered by such plans and for which other persons or entities are responsible.

B. **The ERISA Plan at Issue**

9. The employee welfare benefit plan (the "Plan") established and maintained by non-party Barclays Bank PLC of New York is a CIGNA-insured and administered plan for which ACS reviews and recovers, pursuant to the terms of the Plan, benefits that have been paid for an illness or injury sustained by individuals covered by the Plan and for which other persons or entities are responsible.

10. The Plan is an employee welfare benefit plan within the meaning of ERISA §3(1), 29 U.S.C. §1002(1).

11. With respect to the claims asserted herein, ACS is a "fiduciary" of the Plan within the meaning of ERISA §3(21) (A), 29 U.S.C. §1002(21) (A), by virtue of its contractual agreement with CIGNA.

12. At all times relevant, defendant David Sandrew was a Plan participant.

13. The summary plan description for the Plan, effective as of May 1, 2000, provides on page 61 as follows:

**EXPENSES FOR WHICH THIRD PARTY MAY BE LIABLE**

This policy does not cover expenses for which another party may be responsible as a result of having caused or contributed to the injury or sickness. If you incur a Covered Expense for which, in the opinion of [CIGNA], another party may be liable:

[CIGNA] shall, to the extent permitted by law, be subrogated to all rights, claims or interests which you may have against such party and shall automatically have a lien upon the proceeds of any recovery by you from such party to the extent of any benefits paid under the Policy. You or your representative shall execute such documents as may be required to secure [CIGNA's] subrogation rights.

Alternatively, [CIGNA] may, at its sole discretion, pay the benefits otherwise payable under the Policy. However, you must first agree in writing to refund to [CIGNA] the lesser of:

a. the amount actually paid for such Covered Expenses by [CIGNA]; or

b. the amount you actually receive from the third party for such Covered Expenses;

at the time that the third party's liability is determined and satisfied, whether by settlement, judgment, arbitration or award or otherwise.

The summary plan description for the Plan, restated effective January 1, 2005, contains provisions, identical to those cited above, with respect to expenses for which a third party may be liable.

C. **David Sandrew's Injuries and the Plan's Advancement of Medical Expenses on His Behalf**

14. Upon information and belief, on or about December 7, 2004, defendant David Sandrew sustained injuries as a result of being struck by a motor vehicle.

15. Upon information and belief, the circumstances surrounding his injuries were such that persons other than David Sandrew were responsible, in whole or in part, for causing his injuries.

16. As a result of the injuries incurred by David Sandrew as a consequence of the December 7, 2004 incident, the Plan incurred and paid expenses for the medical care and attention of David Sandrew in the amount of $54,782.80.

### D. Defendant Sandrew's Tort Action

17. Upon information and belief, defendant David Sandrew and his wife, Amanda Sandrew, commenced an action (the "tort action") against the owners, operators or other persons or entities alleged to have been responsible for operating the motor vehicles that were involved in the December 7, 2004 incident, alleging that such persons or entities were responsible, in negligence or otherwise, for his injuries. The action was filed on January 6, 2005 in the Supreme Court of the State of New York, County of New York, captioned, "*David C. Sandrew and Amanda Sandrew vs. Fadil Krasnqui, Manufacturers and Traders Trust Company, Umang Sharma, Ankur Sharma, and Ford Motor Credit Company*," under Index No. 0100223/2005.

18. Upon information and belief, the law firm of Stamm, Reynolds & Stamm (the "Stamm Firm") represented David Sandrew and Amanda Sandrew in the tort action.

19. By facsimile dated February 22, 2006, ACS, on behalf of the Plan, had provided notice to David Sandrew, through his counsel Bradley Stamm (an attorney at the Stamm Firm), of the Plan's equitable lien and demanded that David Sandrew satisfy that equitable lien upon resolution of the tort action by settlement, judgment, arbitration, award, or otherwise.

20. David Sandrew, through his counsel, refused to recognize the Plan's equitable lien.

21. Upon information and belief, David Sandrew, together with his wife, Amanda Sandrew, settled the tort action for one hundred seventy-five thousand dollars ($175,000), approximately $121,620.68 in excess of the Plan's equitable lien interest.

22. Upon information and belief, the tort action's settlement proceeds were disbursed to David Sandrew and his wife, Amanda Sandrew, on August 6, 2007 and September 13, 2007.

23. The Plan holds an equitable lien against, and hereby asserts such equitable lien against, any and all of the tort action settlement proceeds, or any assets directly traceable to those proceeds, remaining in David Sandrew's possession.

24. ACS, on behalf of the Plan, now brings this action in equity against David Sandrew, pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), to enforce the Plan's equitable lien, and hereby asserts such equitable lien, against any and all of the tort

action's settlement proceeds, or assets directly traceable to the tort action's settlement proceeds, remaining in David Sandrew's possession.

### AS AND FOR A FIRST CLAIM FOR RELIEF AGAINST DAVID SANDREW
### (ERISA §502(a) (3), 29 U.S.C. §1132(a) (3))

25. ACS repeats and realleges each and every allegation contained in paragraphs "1" through "24" hereof as if more fully set fort herein.

26. As a result of the Plan's payment of medical expenses to or for the benefit of David Sandrew for the treatment of the injuries incurred in the December 7, 2004 incident, the Plan acquired, pursuant to the language of the Plan, a first equitable lien--to the extent of amounts so paid--upon any recovery, from any third-party with responsibility for causing said injuries, received by and in the possession of, David Sandrew, including assets directly traceable to the tort action's settlement proceeds.

27. This equitable lien applies to any recovery, whether by settlement, judgment, arbitration, award, or otherwise that David Sandrew received in the tort action and retains in his possession, including assets directly traceable to the tort action's settlement proceeds, and in any other action pursued by David Sandrew in connection with his injuries sustained in the December 7, 2004 incident.

28. As David Sandrew was a member of the Plan, he was and is bound by the aforesaid terms of the Plan.

29. David Sandrew and his attorneys in the tort action were on notice of the Plan's equitable lien but refuse to recognize the equitable lien.

WHEREFORE, plaintiff ACS respectfully demands that this Court enter judgment in its favor and against the defendant David Sandrew:

(a) declaring that Plaintiff ACS is entitled to an equitable lien, in accordance with the United States Supreme Court's decision in *Sereboff v. Mid Atlantic Medical Services, Inc.*, 126 S. Ct. 1869 (2006), on any proceeds still in David Sandrew's possession which he received as a result of, or in connection with the tort action, or in any other action pursued by David Sandrew against any third party in connection with his injuries sustained in the December 7, 2004 incident;

(b) ordering defendants to pay over to ACS the amounts subject to said equitable lien in discharge of same upon receipt of said proceeds; and

(c) granting such other and further relief as this Court deems just and appropriate.

Dated: New York, New York

May 28, 2008

    DAY PITNEY LLP
    Attorneys for Plaintiff,
    ACS Recovery Services, Inc.

    By: _____
    M. Alexander Bowie II
    Stefanie Kastrinsky
    7 Times Square
    Times Square Tower
    New York, New York 10036
    Telephone: (212) 297-5800
    Facsimile: (212) 916-2940